IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                                NO. 1:23-CR-99

TARIQ WILLIAMS

**ORDER**

On November 14, 2023, this Court entered an order setting January 2, 2024, as the dispositive motions deadline. Doc. #26 at PageID 70. On January 4, 2024, Tariq Williams filed a "Motion to Dismiss Indictment."[1] Doc. #28.

A dispositive motion filed after the dispositive motions deadline may be denied as untimely. *United States v. Carr*, 83 F.4th 267, 273–74 (5th Cir. 2023) ("[T]he district court did not abuse its discretion in denying Carr's motion to dismiss as untimely."). Because Williams' January 4 motion to dismiss is untimely since it was filed after the dispositive motions deadline and because Williams has not sought an extension of the dispositive motions deadline or leave to file the January 4 motion to dismiss after the deadline,[2] the January 4 motion to dismiss [28] is **DENIED** as untimely.

**SO ORDERED**, this 5th day of January, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] Williams filed an earlier "Motion to Dismiss Indictment" on September 14, 2023. Doc. #17. In his January 4 motion (which appears to be substantially identical to the earlier motion), Williams does not indicate what—if anything—changed such that filing a substantially identical second motion to dismiss was necessary. *See* Doc. #28.

[2] "[C]ourts may consider untimely motions for 'good cause.'" *United States v. Carr*, 83 F.4th 267, 273 (5th Cir. 2023) (quoting Fed. R. Crim. P. 12(c)(3)). "[A] showing of good cause requires a showing of cause and prejudice." *Id.* (quoting *United States v. Dennis*, 41 F.4th 732, 739–40 (5th Cir. 2022)); *see* Fed. R. Crim. P. 45(b)(1)(B) (court may extend deadline after the deadline expires "for good cause" and "if the party failed to act because of excusable neglect.").